IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF

V.            NO.4:17-CR-00293-BSM

CHRISTOPHER BUBER                                DEFENDANT

<u>DEFENDANT BUBER'S RESPONSE TO GOVERNMENT'S 404(b) NOTICE
AND 609(b) REQUEST</u>

Comes now the defendant Buber and responds to the government's notice and request to use information under Rules 404(b)[notice] and 609(b) [request] in defendant's trial. The government has provided the Court with its notice and request as cited above. There has also been some challenge to the some of the information and allegations asserted by the government in defendant's prior motion for severance. Also, at this time, defendant's objects to and asks the court to strike the government's notice and request as untimely vis-à-vis as having been filed outside the time set by the court for the same. The scheduling order [Doc. No. 1909] filed in this matter by the Court on January 13, 2021 set the time to file 'general' motions for not later than June 9, 2021. The Court, inter alia, set motions in limine to be filed not later than July 16, 2021.   The government's motion is not a Rule 105 item, thus it is general and should have been filed earlier. The government's notice and request is merely a motion to allow certain information under certain rules and should not have been filed late. It was and should now be stricken.

Defendant will proceed to address the complained of item, but not waive his rights to challenge or appeal based upon the same. The defendant proceeds so as not

1

to engage in a waste or delay of the court's time in the unlikely event the Court does not strike the item as requested.

The information the government has announced for its desired use is in clear violation of the applicable case law and rules. The information wished to be used by the government especially violates Rule 404(b)(1) and Rule 609. The undue prejudice and harm is greater than any probative value. Equally, to seek to put defendant's prior criminal history information into evidence in the government's case-in-chief is a near Constitutional atrocity. Due process and equal protection cannot stand the same. The harm of it having an adverse impact on the jury is great and likely.

The first few pages of the government's notice and request are allegations and assertions which it would have to prove at trial to be relevant and admissible. The 'information' is also "framing" and asserted background information. All of the information is [and will] be objectionable at trial.

This is simply a case of the government seeking to enhance its prosecution by trying to have prior convictions and alleged bad acts prove its case-in-chief. The government asserts that the information provides what 404(b) allows, but that is not true. And, on page 10 of the government's item it only states conclusions by reciting what the requirements of the rule sets out.

At this juncture, it really seems likely than not that the Court cannot grant the government's notice and request since it may require testimony and viewing at

trial.  So, the complained of item likely cannot be granted since, under the best of circumstance, because it seems premature.

Also, if the government's wishes are allowed, the same is also likely to be confusing to the jury and would appear that defendant is on trial for multiple different incidents at one time. Note R.404(b); See <u>United States v. Wagoner</u>, 713 F.2d 1371 (1983) and note <u>United States v. Marshall</u>, 683 F.2d 1212 (1982). The Defendant and Millsap are not true and complete co-defendants. They are not jointly charged in all relevant indictment counts for trial of this matter.

Equally untenable is the government's attempt to cast the defendant as a prime bad actor by offering allegations relative to bad acts and state court convictions. This goes against the very essence of fairness and justice.  The state court conviction matters are clearly outside of any allowable use of the applicable rules, case law and fair use.

Defendant objects to all offerings by the government based upon the same not being proper under Rules 404(b), 609 and 403 and the case law developed thereunder. Defendant equally submits that what the government has proposed will violate the due process and equal protection rights of the defendant and deny the same a fair trial. If the government prevails on its notice and request, the result will be that a manifest injustice will have occurred.

WHEREFORE, all premises considered, defendant prays the Court enter an order and grant the relief requested herein, and for all other good and proper relief.

Respectfully submitted,

By: Crystal Okoro
Crystal Okoro, Bar No.12-077
Attorney at Law
P.O. Box 1117
North Little Rock, AR 72115
PH: 501.859.3424
Email:okorocrystal@yahoo.com
For:

CHRISTOPHER BUBER, DEFENDANT

CERTIFICATE OF SERVICE

I, undersigned, do hereby certify that on this July 15, 2021,
a copy of the foregoing has been hand delivered, faxed, emailed, ECF or mailed, postage prepaid to proper address of all parties or all counsel of records for the same.

Liza Brown/Stephanie Mazzanti
Tre' Kitchens

Crystal J. Okoro
By__/s/_____